TREVOR J. HATFIELD, ESQ.
Nevada Bar No. 7373
**HATFIELD & ASSOCIATES, LTD.**
703 South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
(702) 386-9825 Fax
*thatfield@hatfieldlawassociates.com*

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FEI FEI FAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA EX REL. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION, ON BEHALF OF THE UNIVERSITY OF NEVADA, RENO,<br><br>Defendant. | CASE NO:<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

COMES NOW, Plaintiff FEI FEI FAN (hereinafter, "Plaintiff"), by and through her counsel, Trevor J. Hatfield, Esq., of the law firm of Hatfield & Associates, Ltd., and alleges upon information and belief against the above-captioned Defendant as follows:

**PARTIES**

1. At all times relevant hereto, Plaintiff, residing in Reno, Washoe County, Nevada, experienced racial and gender discrimination, disparate treatment and retaliation while employed by Defendant.

2. Plaintiff was an employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e, et seq., and applicable case law.

3. Defendant is a constituent unit within the Nevada System of Higher Education and is a particular department, commission, board or other agency of the State of Nevada.

1

4. Defendant regularly employs fifteen or more persons. Defendant is now and was at all times mentioned herein an "employer" of Plaintiff within the definition of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C Sections 2000e-5; and laws of the State of Nevada.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is predicated upon 28 U.S.C. Section 1331 and 1343, to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law. The Court also has jurisdiction pursuant to 28 U.S.C. Sections 2201 and 2202 relating to declaratory judgments. This Court may also exercise pendant jurisdiction over Plaintiff's state law claims arising under the common law and statutes of the State of Nevada, and which arise from a common nucleus of operative fact pursuant to 28 U.S.C. Section 1367.

6. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. Section 1391(b), wherein Plaintiff resides, or resided, and Defendant resides or resided, and/or regularly conducts business.

## ADMINISTRATIVE PREREQUISITES

7. Plaintiff has complied with all the administrative prerequisites to action under Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5, as follows:

8. Plaintiff filed a harassment complaint against Defendant in 2021. Plaintiff received retaliation, discrimination and was eventually terminated as a result of making the harassment complaint. Plaintiff filed an inquiry intake form with the intent to file a charge of discrimination with the Nevada Equal Rights Commission (hereinafter "NERC") on January 23, 2024. She thereafter timely filed a formal Charge of Discrimination with NERC on June 20, 2024. Plaintiff has since received her Dismissal And Notice of Rights (to Sue) from NERC.

///

9. Plaintiff promptly and diligently accommodated all NERC requests for information and fully cooperated in the agency's investigation of this matter.

10. Plaintiff has exhausted all available administrative remedies in accord with the aforementioned statutes prior to instituting this civil action, and Plaintiff has timely filed this action.

11. Plaintiff demands a jury trial of this case pursuant to Local Rule 38-1 and 28 U.S.C. Section 1411.

## FACTUAL ALLEGATIONS

12. Plaintiff is a Chinese national female. Plaintiff was hired by Defendant as a tenure-track Assistant Professor on July 1, 2015.

13. During Plaintiff's employment she was subjected to sexual harassment and hostile work environment discrimination based on her race, sex, national origin, nationality, and rank, that she reported to Defendant.

14. Plaintiff reported the discrimination in the form of a filed a Title XI complaint against Defendant.

15. Defendant retaliated and discriminated against Plaintiff after filing the aforementioned complaint.

16. On January 19, 2024, Plaintiff was terminated from her tenured Associate Professor position by Defendant. Plaintiff believes she was terminated due to reporting discrimination against her and was discharged in retaliation for filing the Title IX complaint.

///

///

///

///

///

3

# CAUSES OF ACTION

## FIRST CAUSE OF ACTION AGAINST DEFENDANT

**(Discrimination Under State and Federal Anti-Discrimination Statutes in Violation of Title VII of the Civil Rights Act of 1964, As Amended: Race and Gender)**

17. Plaintiff incorporates by reference the allegations set forth in the proceeding paragraphs of the Complaint as set forth at length herein.

18. Defendant's conduct as detailed herein was in fact illegal. Plaintiff, a member of protected classes, was subjected to race and gender discrimination, disparate treatment and retaliation for reporting discrimination in the workplace that was directed toward her, a protected activity, all of which are illegal activities as directed, ratified and tolerated by her employer.

19. As a result of Defendant's above-stated actions, Plaintiff has suffered irreparable injuries and deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to her as an employee, and emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity and other intangible injuries in an amount to be proven at trial.

18. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct and intentional retaliation.

19. As a further result of Defendant's above-stated actions, it has been necessary for Plaintiff to obtain services of the law offices of Hatfield & Associates, Ltd. to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney fees and costs which have been reasonably incurred.

///

///

///

## SECOND CAUSE OF ACTION

## (Retaliation Under Title VII)

20. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

21. Defendant's conduct as detailed herein was in fact illegal. Plaintiff was subjected to discriminatory conduct and disparate treatment, and then fired in retaliation for being Chinese and for pretextual and false allegations that Plaintiff has adamantly denied, all of which are illegal activities as directed, ratified and tolerated by her employer.

22. As a result of Defendant's above-stated actions, Plaintiff has suffered irreparable injuries and deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to her as an employee, and emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity and other intangible injuries in an amount to be proven at trial.

23. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct and retaliation.

24. As a further result of Defendant's above-stated actions, it has been necessary for Plaintiff to obtain services of the law offices of Hatfield & Associates, Ltd. to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney fees and costs which have been reasonably incurred.

## THIRD CAUSE OF ACTION

## (Violation of Nevada Statutory Protections)

25. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

///

26. NRS § 613.330 makes it unlawful for an employer to permit sexual harassment, hostility in the workplace, or discriminate against any employee because of their sexual orientation. Plaintiff was discriminated against due to her sexual orientation. Defendant's conduct as detailed herein, was in fact illegal. Plaintiff was subjected to sexual oriented, related and motivated discriminatory practices, and actions all of which are illegal activities as directed, ratified tolerated by her employer.

27. As a direct and proximate result of Defendant's violation of N.R.S. § 613.330, Plaintiff has suffered lost wages, lost benefits, lost seniority, lost future earnings, lost employment opportunities, humiliation, embarrassment, and loss of self-esteem in an amount to be determined at trial. Therefore, Plaintiff seeks all legal and equitable remedies available at law.

28. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

29. As a further result of Defendant's above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

**REQUEST AND PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment and damages against Defendant as follows:

1. Enter an injunction ordering Defendant to make Plaintiff whole with full back pay, and benefits and reinstatement of sick leave time that Plaintiff would have obtained in the absence of discrimination or, in the alternative, front pay;

2. An award to Plaintiff for compensatory damages in amount to be shown at trial for past and future economic and non-economic losses within this Court's jurisdiction subject to proof;

///

3. An award to Plaintiff for general damages, including but not limited to emotional distress damages, within this Court's jurisdiction subject to proof;

4. An award to Plaintiff for exemplary and/or punitive damages;

5. An award to Plaintiff for reasonable attorney's fees and costs;

6. An award to Plaintiff for interest on any awards at the highest rate allowed by law;

**7.** And such other and further relief as this Court deems just and appropriate.

Dated this 23rd day of September 2024.   **HATFIELD & ASSOCIATES, LTD.**

By: /s/ *Trevor J. Hatfield*
Trevor J. Hatfield, Esq. (SBN 7373)
703 South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
*Attorney for Plaintiff*

7