TREVOR J. HATFIELD, ESQ.
Nevada Bar No. 7373
**HATFIELD & ASSOCIATES, LTD.**
703 South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
(702) 386-9825 Fax
*thatfield@hatfieldlawassociates.com*

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FEI FEI FAN, an individual<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA EX REL. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION, ON BEHALF OF THE UNIVERSITY OF NEVADA RENO,<br><br>Defendant. | CASE NO:  3:24-cv-00427-MMD-CLB<br><br>**JOINT CASE MANAGEMENT REPORT SUBMITTED IN ACCORDANCE WITH FRCP RULE 16**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Plaintiff FEI FEI FAN ("Plaintiff" or "Fan"), by and through her attorney of record, Trevor J. Hatfield, Esq., of HATFIELD & ASSOCIATES, LTD., and Defendant STATE OF NEVADA EX REL. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION, ON BEHALF OF THE UNIVERSITY OF NEVADA RENO ("UNRUNR"), by and through its attorney of record, Frank Z. LaForge, Esq. hereby submit this Joint Case Management Report pursuant to the Court's order [ECF #14].

A discovery conference in which all parties of record participated in the meeting required under Fed. R. Civ. P. 26(f) was held on **February 6, 2025**.  Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26-1(b), the parties do hereby stipulate to the following:

///

///

1

1.  **A short statement of the nature of the case, including a description of each claim or defense.**

Plaintiff, a Chinese national female, was hired by UNR on July 1, 2015 as a tenure-track Assistant Professor. While employed there, Plaintiff was subjected to discrimination based on race, sex, national origin, nationality and rank and retaliation by UNR. From 2021, Plaintiff filed Title IX complaints against the perpetrators and UNR. On January 19, 2024, Plaintiff was discharged from her tenured Associate Professor position by the UNR. Plaintiff believes she was terminated in retaliation for filing these complaints and UNR discriminated against her due to her gender and national origin.

<u>First Cause of Action</u>: Plaintiff was discriminated against under State and Federal Anti-Discrimination Statutes in Violation of Title VII of the Civil Rights Act of 1964, As Amended: Race and Gender. Plaintiff, a member of protected classes, was subjected to race and gender discrimination, disparate treatment and retaliation for reporting discrimination in the workplace that was directed toward her by filing a Title IX complaint.

<u>Second Cause of Action</u>: Plaintiff suffered Retaliation Under Title VII. UNR's conduct was in fact illegal. Plaintiff was subjected to discriminatory conduct and disparate treatment and was subsequently terminated from her tenured Associate Professor position by UNR on January 19, 2024, for being Chinese and for pretextual and false allegations that Plaintiff has adamantly denied, all of which are illegal activities as directed, ratified and tolerated by her employer.

<u>Third Cause of Action</u>: UNR violated Plaintiff's Nevada Statutory Protections. NRS § 613.330 makes it unlawful for an employer to permit sexual harassment, hostility in the workplace, or discriminate against any employee because of their sexual orientation. UNR did discriminate against Plaintiff due to her sexual orientation and she was subjected to sexually oriented, related and motivated discriminatory practices which were directed, ratified and tolerated by her employer.

Plaintiff has suffered lost wages, lost benefits, lost seniority, lost future earnings, lost employment opportunities, humiliation, embarrassment, and loss of self-esteem.

UNR asserts the following affirmative defenses in response to the Complaint:

1. The Complaint fails to state a claim upon which relief may be granted in favor of Fan or against UNR.

2. UNR had legitimate, nondiscriminatory bases for the employment actions at issue. Specifically, UNR terminated Fan after another faculty member submitted a Title IX complaint against Fan, which resulted in an intensive investigation, two-day hearing, and appeal process—all of which were conducted by neutral and qualified third parties—found that Fan violated policies concerning sexual harassment, stalking, and dating violence against the complaining faculty member and his family. Each of the foregoing determinations was made based on a large measure of evidence, including but not limited to Fan's own admissions and a multitude of emails, texts, social media posts, and other communications she made to the faculty member and his family. UNR's good faith reliance on these neutral processes in terminating Fan was reasonable.

3. While Fan has not alleged any facts supporting a direct discrimination claim, on information and belief, UNR believes that most of the alleged factual acts on which such a claim would predicated are barred by the applicable statute of limitations and/or Fan's failure to exhaust her administrative remedies in a timely fashion. For example, Fan never appears to have filed a complaint with NERC or the EEOC concerning her non-retaliation claims.

4. Fan has failed to mitigate her damages. Fan failed to consistently and reasonably participate in UNR's internal processes regarding the Title IX complaint against her. Further, on information and belief, UNR believes that Fan failed to take reasonable measures to prepare for the likelihood that the Title IX complaint against her could culminate in her termination. Additionally, on information and belief, UNR believes that Fan failed to take reasonable measures to prevent the

damages she seeks after her termination, by, for example, engaging in reasonable efforts to find new employment.

5. Fan's actions and requests for relief are either barred by the doctrine of unclean hands or must be reduced accordingly. Among other things, based on the investigation and two-day hearing on the claims against her, UNR believes that Fan engaged in a consensual relationship with the faculty member she seemingly alleges engaged in direct sexual harassment against her. On information and belief, that relationship initially existed from 2006 to 2008 when Fan was a graduate student, was continued sporadically after Fan moved to the East Coast for a job and then her PhD at Georgia Tech between 2009 and 2014, and then seemingly resumed after Fan applied for and was accepted for a tenure-track faculty position at UNR between 2015 and 2019. On information and belief, when the relationship with the other faculty member ended, Fan made death threats to him and his family, sent graphic sexual images, issued vicious insults, and vandalized a university office. Further, to the extent that she contends that the findings of the Title IX processes were erroneous, Fan's participation in those processes was unreasonable, neglectful, and inconsistent.

6. Similarly, to the extent that Fan brings claims of direct discrimination concerning events prior to her termination, those claims are barred in whole or in part to the extent that Fan consented to the actions of which she complains.

7. UNR is immune from suit under the doctrine of discretionary act immunity as set forth in NRS 41.032.

8. The State of Nevada has adopted a limited waiver of sovereign immunity as codified in Chapter 41 of the Nevada Revised Statutes. The claims for relief averred in the Complaint pertain to conduct based upon acts or omissions of employees or agents of UNR, exercising due care in the execution of the statute, ordinance or other legal regulation and the claims are therefore barred by NRS 41.032.

9.   Fan's claims are barred in whole or in part to the extent that her conduct, action or inaction constitutes an estoppel, laches, ratification or waiver. As stated above, UNR initiated several processes—an investigation, a two-day hearing, and an appeal process—concerning another faculty member's claims against Fan. Even though she was represented by counsel, Fan's participation in these processes was unreasonable, neglectful, and inconsistent and UNR was entitled to reasonably rely on the results of these processes. Further, based on the findings of these processes, UNR believes that Fan engaged in sexual harassment, stalking, and dating violence, which individually and cumulatively justify termination. Additionally, to the extent that Fan brings claims against UNR that predate her termination, Fan appears to have engaged in a consensual affair over a 13-year period spanning 2006 to 2019 and did not submit her Title IX complaint until 2021 and her purported NERC complaint until 2024.

10.   At all times material to Fan's Complaint, UNR's activities have been in full compliance with all applicable rules, regulations, codes, ordinances and/or statutes. Specifically, UNR reasonably followed the processes laid out for Title IX complaints against faculty. UNR and the third parties it hired duly afforded Fan the rights and procedures available to faculty in such circumstances.

11.   UNR is entitled to qualified good faith immunity. UNR terminated Fan based on the findings of an in-depth investigation, two-day hearing, and appellate review, all of which followed Title IX and university procedures and found that Fan violated university policies. UNR's good faith use and reliance on these processes and other was reasonable.

12.   Fan's claims are barred in whole or in part to the extent the conduct of UNR under the circumstances in this matter was reasonable, justified, lawful, in good faith and without malice. UNR terminated Fan based on the findings of an in-depth investigation, two-day hearing, and

appellate review, all of which followed Title IX and university procedures and found that Fan violated university policies.

13. Fan's claims are barred in whole or in part to the extent Plaintiff's employment was terminated solely by reason of her own acts. As stated above, UNR terminated Fan after an investigation, two-day hearing, and appellate process found that Fan violated policies concerning sexual harassment, stalking, and dating violence toward another faculty member and his family based on a large measure of evidence. Further, Fan's participation in these processes was unreasonable, neglectful, and inconsistent.

14. Fan's claims are barred in whole or in part to the extent UNR complied with the Nevada System of Higher Education Code, which has the force and effect of law. State ex rel. Richardson v. Board of Regents, 261 P.2d 515, 518 (Nev. 1953); Board of Regents v. Oakley, 637 P.2d 1199, 1201 (Nev. 1981).

15. Fan's state-law remedies against UNR under NRS Chapter 613 are limited by NRS Chapter 41.

16. UNR is entitled to immunity because Fan has failed to follow the requirements of NRS 41.031. For example, on information and belief, Fan never served the Attorney General.

17. Fan's claims are barred to the extent that they exceed the scope of her alleged NERC complaint.

2. **The jurisdictional basis for the case, citing specific jurisdictional statutes.**

The jurisdiction of this Court is predicated upon 28 U.S.C. Section 1331 and 1343, to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law. The Court also has jurisdiction pursuant to 28 U.S.C. Sections 2201 and 2202 relating to declaratory judgments. This Court may also exercise pendant jurisdiction over Plaintiff's state law

claims arising under the common law and statutes of the State of Nevada, and which arise from a common nucleus of operative fact pursuant to 28 U.S.C. Section 1367.

Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. Section 1391(b), wherein Plaintiff resides, or resided, and UNR resides or resided, and/or regularly conducts business.

3. **A statement whether any party expects to add additional parties to the case or otherwise amend the pleadings.**

There are no additional parties expected to be added.

4. **Whether there are any pending motions that may affect the parties' abilities to comply with a case management order, including a brief description of those motions.**

(a) There is pending UNR's Motion for Summary Judgment. [ECF #15]

(b) There is pending UNR's Motion to Seal Documents [ECF #16] which are exhibits to UNR's Motion for Summary Judgment.

(c) The Court has GRANTED a Stipulated Protective Order concerning confidential information. [ECF #24]

(d) An ENE is scheduled for April 1, 2025.

5. **Whether this case is related to any other case pending before this court or any other court, including a bankruptcy court, and if so, provide a brief description of the status of those case(s)**

There are no related cases pending before other judges or other courts in any jurisdiction.

6. **A complete and detailed statement related to discovery, which addresses the following issues:**

   **(a) The date the Rule 26(f) initial disclosures were provided, or will be provided by each party.**

7

`UNR provided its initial disclosures on February 28, 2025. Fan anticipates providing the Rule 26(f) initial disclosures no later than March 25, 2025.

**(b) A brief statement regarding what discovery requests have been served by any party, who the requests were served upon, and the due dates for responses to those requests:**

The parties have not served any discovery requests at this time.

**(c) Whether the parties anticipate the need for a protective order relating to the discovery of information relating to a trade secret or other confidential research, development, or commercial information:**

The parties filed a Stipulated Protective Order [ECF #22] discovery documents which has not yet been signed by the Court. To the extent that any of Plaintiff's discovery goes beyond Plaintiff's retaliation claims and concerns independent discrimination or harassment claims for conduct occurring before approximately 2022, UNR may seek a protective order or a stay of discovery pending the resolution of its Motion for Summary Judgment.

**(d) Any issues or proposals relating to the timing, sequencing, phasing or scheduling of discovery;**

 **(1)** UNR has issues with the scope of Plaintiff's claims. See paragraph 4(d) above.

 **(2)** Both parties believe that a discovery period of 250 days is necessary rather than the 180-day discovery period pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26-1(b).

**(e) Whether the parties anticipate the need to take discovery outside of the District of Nevada or the United States and, if so, a description of the proposed discovery**;

The parties do not anticipate the need to take discovery outside of the District of Nevada or the United States. From UNR's perspective, it may be necessary to conduct some discovery or take a deposition in China if Plaintiff is bringing independent discrimination or harassment claims

for conduct occurring before approximately 2022. UNR, however, believes that Plaintiff's case is limited to her retaliation claim, in which case it agrees that foreign discovery will not be necessary.

**(f) A summary of the number of depositions each party anticipates taking, information related to the anticipated location of those depositions, and whether any party anticipates video and/or sound recording of depositions.**

The parties agree to be bound by the seven hours in a single day limitation on each deposition pursuant to FRCP 330(d)(1). Plaintiff intends to take three to seven depositions. UNRs intend to take three to seven depositions.

7. **A brief statement regarding the types of ESI expected in the case where the ESI is located, a statement of any agreements reached by the parties related to ESI on the issues listed above; and any outstanding disagreements between the parties related to ESI.**

The parties certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties have agreed to produce electronically-stored evidence in either paper or .pdf format, absent a showing of good cause for such evidence to be produced in native format.

8. **In the event the Court has not already approved a discovery plan and scheduling order, the parties shall include proposed firm dates for each of the following pursuant to Local Rule 26-1:**

**THE PARTIES HEREBY STATE THAT A "SPECIAL SCHEDULING REVIEW IS REQUESTED."** The reasons for the request for a Special Scheduling Review are:y.

(1) First, the Chancellor's Office in Reno, Nevada refused to accept service of Plaintiff's summons and complaint. The process server was told it had to be served at the Las Vegas office of the Chancellor. Service was attempted in Las Vegas and service was rejected once again. The process server was told by the

staff that they would have to make an appointment to serve the Summons and Complaint. Proper service of the Summons and Complaint was effected on December 20, 2025.

(2) UNR filed an Answer to the Complaint on January 9, 2025.

(3) UNR filed and served a Motion for Summary Judgment on January 23, 2025 due to issues UNR has regarding the scope of the discovery.

(4) The parties' 26(f) conference was held on February 6, 2025

(5) Counsel for the parties are working together, and both believe that it is necessary to have more time to complete all discovery due to the complexity of the case. Plaintiff has a substantial number of Factual Allegations in her Complaint. Both Parties believe that it will take a minimum of an additional 70 days to complete discovery.

1. **Discovery Cut-Off Date(s):** the parties propose September 15, 2025 which is 250 days from January 9, 2025 for discovery cut-off.

2. **Amending the Pleadings and Adding Parties:** The parties **June 17, 2025** which is not later than ninety (90) days prior to the close of the proposed discovery closing date of September 15, 2025

3. **Fed. R. Civ. P. 26(a)(2) Disclosures (Experts):** The parties propose **July 17, 2025** for the disclosure of experts and expert reports and **August 16, 2025** for disclosure of rebuttal experts and their reports.

4. **Dispositive Motions:** The parties propose **November 14, 2025** for the Dispositive Motion deadline.

///

///

10

5. **Pretrial Order:** The parties propose **December 15, 2025** for the date to file the pretrial order.

9. **Whether a jury trial has been requested, whether the request for a jury trial is contested (if the request is contested set forth reasons), and an estimated length for trial.**

Plaintiff requested a jury trial in her Complaint.

10. **A statement as to the possibility of settlement and when the parties desire a court sponsored settlement conference, i.e.., before further discovery, after discovery, after dispositive motions, etc.**

The parties anticipate attending an ENE and if unsuccessful will consider a later settlement conference after discovery ensues.

11. **Whether the parties intend to proceed before the Magistrate judge.**

The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01). At this time, the parties do not consent to a trial by the magistrate judge or the use of the Short Trial Program.

12. **Whether either party requests bifurcation or phasing of trial or has any other suggestion for shortening or expediting discovery, pre-trial motions at trial.**

The parties do not request bifurcation or phasing of trial or shortening or expediting discovery, pre-trial motions at trial.

///

///

///

///

13. **Whether either party requests that a case management conference be set in the case.**

The parties do not request a case management conference be set in the case.

Dated this 7th day of March, 2025                    Dated this this 7th day of March, 2025.

| **HATFIELD & ASSOCIATES, LTD.** | **FRANK Z. LAFORGE, ASSISTANT GENERAL COUNSEL, UNIVERSITY OF NEVADA, RENO** |
|---|---|
| */s/ Trevor J. Hatfield* | */s/ Frank Z. LaForge* |
| By: _____ Trevor J. Hatfield, Esq., (SBN 7373) 703 S. Eighth Street Las Vegas, Nevada 89101 Tel.: (702) 388-4469 Email: thatfield@hatfieldlawassociates.com *Attorneys for Plaintiff* | By: _____ Frank Z. LaForge, Esq.. (SBN 12246) 1664 N. Virginia Street/MS0550 Reno, Nevada 89557-0550 Tel.:  (75) 784-3512 Fax:  (775) 327-2202 Email: flaforge@unr.edu *Attorneys for Defendant* |

## **ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED:_____

12

**CERTIFICATE OF SERVICE**

I certify that on this 7th day of March, 2025, I electronically filed the foregoing **JOINT STIPULATED (PROPOSED) DISCOVERY PLAN & SCHEDULING ORDER SUBMITTED IN COMPLIANCE WITH LR 26-1(b)** with the Clerk of the Court using the ECF system which served the parties hereto electronically.

DATED: this 7th day of March, 2025        By:   */s/ Freda P. Brazier*
                                                An employee of Hatfield & Associates, Ltd.