UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEI FEI FAN,<br><br>                        Plaintiff,<br><br>    v.<br><br>STATE OF NEVADA EX REL. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION, ON BEHALF OF THE UNIVERSITY OF NEVADA, RENO,<br><br>                        Defendant. | Case No. 3:24-CV-00427-MMD-CLB<br><br>**ORDER GRANTING IN PART MOTION TO STAY DEADLINES**<br><br>[ECF No. 39] |

       Before the Court is Plaintiff Fei Fei Fan's ("Fan") "motion to stay deadlines and preserve the record of structural disadvantage and Defendant's litigation misrepresentations" (ECF No. 39). Defendant Board of Regents of the Nevada System of Higher Education on behalf of the University of Nevada, Reno ("UNR") filed a response, (ECF No. 43), and Fan replied, (ECF No. 44).

       Fan's motion requests a 30-day stay of case deadlines, as she is newly proceeding in this case *pro se* and an opposition to UNR's motion for summary judgment is due on April 15, 2025. (*See* ECF No. 39.) In addition, the motion requests other various relief, much of which consists of inappropriate and irrelevant personal attacks on UNR and its counsel. (*See id.*) UNR opposes the motion and instead suggests that Fan be given a 14-day extension to file her opposition. (*See* ECF No. 43.)

       It is well established that district courts have the inherent power to control their dockets and manage their affairs; this includes the power to strike or deny motions to streamline motion practice and promote judicial efficiency. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404–05 (9th Cir. 2010); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Additionally, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time

and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. When exercising that discretion, courts are guided by the goals of securing the just, speedy, and inexpensive resolution of actions. *See* FED. R. CIV. P. 1.

Further, pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) a court "may, for good cause, extend the time ... on a motion made after the time has expired if the party failed to act because of excusable neglect." Local Rule IA 6-1 also states that a request to extend time made after the expiration of the specified period will not be granted unless the movant demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect. LR IA 6-1(a). Excusable neglect is an "elastic concept" that is determined by considering, inter alia: "the danger of prejudice to the [party not under scrutiny], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997).

While Fan requests a stay of proceedings, the Court does not find a stay appropriate. However, the Court finds that good cause exists to grant an extension of time to file her opposition. Accordingly, Fan's motion, (ECF No. 39), is granted in part, such that she will be given a 30-day extension of time to file her opposition to UNR's motion for summary judgment.

Finally, the Court notes that UNR's refusal to afford Fan a brief one-month extension of time to file an opposition to the motion for summary judgment reflects a misunderstanding of the speed at which federal civil litigation moves and the Court's expectations for common courtesies. Rule 6 of the Federal Rules of Civil Procedure and Local Rule IA 6-1 permits the Court to extend deadlines and the Ninth Circuit has instructed district courts that this rule should "be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010). Further, the Court expects both UNR and Fan, even as a *pro se* litigant, to show the proper professionalism and common

courtesies that is expected of all litigants in federal court. Disputes over extending or shortening time are generally disfavored and should not require court intervention.

Consistent with the above, **IT IS ORDERED** that Fan's motion, (ECF No. 39), is **GRANTED, in part**.

**IT IS FURTHER ORDERED** that Fan shall file her response to UNR's motion for summary judgment by no later than **Thursday, May 15, 2025**. <u>No further extensions of time will be granted absent extraordinary circumstances.</u>

**DATED**: April 10, 2025

_____
**UNITED STATES MAGISTRATE JUDGE**