Fei Fei Fan
10420 Queens Blvd Apt 20R
Forest Hills, NY 11375
(404) 432-4868
litmus9@msn.com
feifei.fan@hotmail.com
*Pro Se*

# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| FEI FEI FAN,<br>　　　　　　　Plaintiff,<br>vs.<br>State of Nevada Ex Rel. Board of Regents of the Nevada System of Higher Education, On Behalf of the University of Nevada, Reno<br>　　　　　　　Defendant. | Case No.: 3:24-cv-00427-MMD-CLB<br><br>**NOTICE OF STRUCTURAL OBJECTION, RULE-BASED PRESERVATION, AND CONSTITUTIONAL RECORD CLARIFICATION REGARDING ECF NOS. 38 AND 45** |

## I. INTRODUCTORY STATEMENT

Plaintiff, proceeding pro se under documented structural disadvantage, respectfully submits this Notice to preserve objections arising from the Court's Orders dated April 2, 2025 (ECF No. 38), and April 10, 2025 (ECF No. 45). These rulings adopted Defendant's procedural framing without addressing Plaintiff's preserved objections, unfulfilled discovery rights, or factual corrections.

This Notice functions both as a preservation record and procedural checkpoint under Fed. R. Civ. P. 56(d), 60(b)(6), 11(b)(3), in accordance with the constitutional standards articulated in *Caperton v. A.T. Massey*, 556 U.S. 868 (2009); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); and *Mathews v. Eldridge*, 424 U.S. 319 (1976).

## II. OBJECTION TO ECF NO. 38 (APRIL 2, 2025 ORDER)

The Court's April 2 Order granted Plaintiff's counsel's withdrawal and simultaneously imposed an April 15, 2025, summary judgment deadline—before Plaintiff was recognized as pro se or granted CM/ECF access.

Until April 2, 2025, Plaintiff had no access to the discovery record or dispositive motion filings due to former counsel's retention of the case file and lack of procedural transition. Any filing deadlines prior to this point were imposed without meaningful opportunity to prepare or

respond. Defendant's procedural framing was adopted before Plaintiff had even viewed the underlying filings, let alone responded.

The Order adopted Defendant's framing in ECF No. 37 before Plaintiff had the opportunity to reply, in violation of LR 7-2(b) and Rule 6(b). Defendant's framing claimed that Plaintiff "could have elected to have filed her opposition to UNR's motion before terminating her attorney," (ECF No. 37 at 3:13-15) ignoring the procedural reality that Plaintiff was still bound by representation and lacked ECF credentials at the time.[1] Defendant's such assertion misrepresents procedural status. Plaintiff was still represented by counsel at that time, lacked CM/ECF filing credentials, and was not permitted to file until after ECF No. 38.[2,3] The Ninth Circuit disfavors summary proceedings conducted under such representational ambiguity. See *Ahanchian v. Xenon Pictures*, 624 F.3d 1253, 1261 (9th Cir. 2010).

This premature deadline deprived Plaintiff of a fair opportunity to prepare opposition materials and constitutes a procedural deprivation under *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (denial of extension warrants scrutiny when due process is implicated).

### III. OBJECTION TO ECF NO. 45 (APRIL 10, 2025 ORDER)

ECF No. 45 partially granted Plaintiff's Motion to Stay (ECF No. 39), but omitted ruling on the preserved Rule 56(d) request, Rule 11(b)(3) misrepresentation objections, and structural objections to Defendant's premature invocation of dispositive procedures.[4]

---

[1] Plaintiff formally preserved this objection under Rule 11(b)(3) and Rule 60(b)(6). The Court has not ruled on this objection. Failure to address Plaintiff's preserved objections does not eliminate them from the record, but risks structural ambiguity, impaired appellate review, and potential due process violation under *Logan v. Zimmerman*, 455 U.S. 422 (1982) and *Caperton v. A.T. Massey*, 556 U.S. 868 (2009).

[2] Defendant's framing in ECF No. 37 was preserved as a misrepresentation objection under Rule 11(b)(3). The Court has not responded to this objection. See *Mathews*, 424 U.S. at 335 (procedural participation must be meaningful).

[3] The Court issued ECF No. 38 without awaiting Plaintiff's reply deadline under LR 7-2(b), and without acknowledging that Plaintiff lacked CM/ECF access or legal authority to file opposition materials before counsel's withdrawal. This omission further exacerbates the procedural distortion introduced in ECF No. 37, where Defendant falsely portrayed Plaintiff as capable of responding while still represented. See ECF No. 37 at 3:3–15.

[4] These objections—particularly those under Rule 56(d), Rule 60(b)(6), and Rule 11(b)(3)—were preserved through Plaintiff's filings in ECF Nos. 39, 41, and 44. However, no ruling has addressed these procedural challenges, including Defendant's mischaracterization of withdrawal timing and premature invocation of dispositive procedures. If left unresolved, they raise substantial appellate concerns under *Caperton v. A.T. Massey*, 556 U.S. 868, 881 (2009).

ECF No. 45 failed to address that Plaintiff's stay request, as articulated in ECF No. 39, was predicated on a documented pattern of procedural exclusion, discovery deprivation following ENE, and Defendant's misrepresentations—including the embedded narrative in ECF No. 37—all preserved under Rule 56(d), Rule 11(b)(3), and Rule 60(b)(6), and implicating the neutrality concerns addressed in *Caperton*.

The Court failed to acknowledge or rule on Plaintiff's procedural objections preserved in ECF No. 41. These objections addressed Defendant's distortion of the withdrawal motion's procedural effect and improper attempt to trigger MSJ deadlines while Plaintiff's representation status remained unresolved.

ECF No. 45 further failed to address Plaintiff's prior Notice (ECF No. 41), which formally preserved objections to Defendant's misuse of ECF No. 37 as a procedural ambush. Plaintiff's filing highlighted strategic embedding and denial of notice—concerns falling squarely within Rule 60(b)(6) and Rule 11(b)(3). Defendant's response (ECF No. 43) declined to substantively address these issues,[5] characterizing Plaintiff's constitutional framing as irrelevant and attempting to shift responsibility for representation breakdown. Such reframing, left unaddressed by the Court, raises structural neutrality concerns.

Defendant's attempt to recharacterize its procedural accusation in ECF No. 43—after embedding the implication in ECF No. 37 that Plaintiff failed to retain a fourth attorney—reflects narrative distortion that falls squarely within Rule 11(b)(3).[6]

The omission of these rulings creates structural ambiguity, violates the due process standard of *Logan*, and risks precluding appellate review by failing to specify whether Plaintiff's objections were considered or overruled.

---

[5] See ECF No. 43 at 2–6. Defendant's response offered no rebuttal to Rule 56(d), Rule 11(b)(3), or 60(b)(6) objections. The Court has not ruled on them. Omission of these procedural objections may impair appellate review and constitutes structural bias if uncorrected. See *Caperton*, 556 U.S. at 881; *Mathews*, 424 U.S. at 335.

[6] See ECF No. 37 at 2:23-24. Defendant now disclaims this implication in ECF No. 43 at 6:1–2. This shift is not clarification—it is procedural retraction. Courts have recognized that materially misleading procedural representations—particularly where a party embeds adverse narrative framing, then later disclaims responsibility without clarification—may implicate Rule 11(b)(3). See *Truesdell v. S. Cal. Permanente Med. Grp.*, 293 F.3d 1146, 1153 (9th Cir. 2002). This contradiction, though minor in isolation, is emblematic of Defendant's broader litigation posture: shifting procedural assertions, denied after objection, without withdrawal or correction. Plaintiff preserves all objections under Rule 11(b)(3).

Although the Court granted partial relief, it bypassed Plaintiff's embedded objections regarding structural exclusion, procedural mischaracterization, narrative distortion, and access deprivation—issues core to both due process and adversarial fairness.

Plaintiff's subsequent Reply (ECF No. 44)[7] further clarified that the objections preserved in ECF Nos. 39 and 41 were not addressed in Defendant's Response (ECF No. 43). The Court's April 10 Order (ECF No. 45) did not resolve those preserved procedural challenges, including the improper embedding of arguments in ECF No. 37 and Defendant's misstatements about Plaintiff's litigation history and discovery access.

Although the Court cited *Ahanchian* in granting a limited extension, it failed to apply the opinion's underlying reasoning to the record of structural disadvantage that predicated Plaintiff's request. Nor did the Court address Plaintiff's preserved objections under Rule 56(d), Rule 11(b)(3), or Rule 60(b)(6), each of which raised material concerns about Defendant's litigation conduct and the procedural integrity of summary judgment proceedings.

### IV. DEFENDANT'S PATTERN OF PROCEDURAL INVERSION

Defendant's misuse of ECF No. 37 exemplifies a deliberate and recurring pattern of procedural inversion—not confined to this case, but observed in other UNR-related litigation. This strategy includes:

- Distorting filings made under constrained circumstances;
- Merging unrelated administrative venues with federal litigation;
- Exploiting gaps in access and representation;
- Rebranding placeholder filings as admissions;
- Recasting procedural inquiries as dispositive outcomes.

This strategy does not promote adversarial fairness—it simulates procedural legitimacy through narrative repetition. If accepted by the Court, it would convert suppression into waiver and disadvantage into default.

---

[7] See ECF No. 44 at 5–9. Defendant's opposition remained silent on Plaintiff's procedural and constitutional objections—including those based on *Caperton*, Rule 11(b)(3), and FRCP 5(a)(1). The Court has not ruled on them. Their omission risks procedural default and judicial neutrality concerns under *Caperton v. A.T. Massey*, 556 U.S. 868, 881 (2009), and *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Although the Court granted partial relief, it bypassed Plaintiff's embedded objections regarding structural exclusion, procedural mischaracterization, narrative distortion, and access deprivation—issues core to both due process and adversarial fairness.

Defendant's ECF No. 43 response disregards Plaintiff's core objections. Nowhere does Defendant engage with the Rule 56(d) record deprivation argument, the Rule 11(b)(3) misrepresentation framing, or the objection under Rule 60(b)(6) regarding Plaintiff's exclusion from dispositive proceedings. This silence, coupled with repeated *ad hominem* assertions, reveals not a strategy of legal rebuttal but one of procedural erasure cloaked in institutional authority. The Court's failure to confront these omissions invites the same appellate and constitutional scrutiny.

## V. PRESERVATION OF RULE-BASED OBJECTIONS AND APPELLATE RECORD

Plaintiff expressly preserves all objections raised in ECF Nos. 39, 41, and 44, and incorporates them herein for purposes of Rule 56(d) discovery preservation, and post-judgment relief subject to Rule 60(b)(6) review.

Plaintiff further reaffirms the objections regarding Rule 11(b) violations stemming from Defendant's misstatements about prior counsel withdrawal, delay attribution, and rhetorical characterizations of Plaintiff's transition. These misstatements, preserved under Rule 11(b)(3), remain unresolved on the record and continue to affect the procedural posture of this case. Such objections are preserved pursuant to:[8]

- Fed. R. Civ. P. 56(d) (incomplete discovery record);
- Fed. R. Civ. P. 60(b)(6) (structural due process violation);
- Fed. R. Civ. P. 11(b)(3) (misrepresentation of procedural facts).

Should the Court adopt Defendant's framing without addressing these preserved objections, Plaintiff respectfully submits that the integrity of the record may be impaired and all such rulings are preserved for appellate scrutiny under 28 U.S.C. § 1291.

To the extent Defendant's strategic mislabeling in ECF No. 37 was adopted by the Court without consideration of Plaintiff's preserved objections (see ECF No. 41), such omission is hereby reaffirmed and preserved for Rule 60(b)(6) and appellate review.

## VI. CONCLUSION

This Notice is submitted to clarify the record, preserve all rights, and entrap procedural silence. Plaintiff respectfully requests that any future ruling state on the record whether Plaintiff's preserved objections have been considered, overruled, or deferred.

---

[8] To date, the Court has not stated whether these objections were considered or overruled. Clarification is necessary to preserve appellate viability. See *Logan*, 455 U.S. at 433; *Caperton*, 556 U.S. at 881.

Failure to do so may raise substantial due process and structural neutrality concerns under *Caperton*, *Mathews*, and *Logan*.

Should the Court continue to rule without addressing Plaintiff's preserved objections, Plaintiff reserves all rights under Rule 60(b)(6) and 28 U.S.C. § 1291.

Respectfully submitted,

Dated:  April 17, 2025

*/s/ Fei Fei Fan*

Fei Fei Fan

*Pro Se*

Fei Fei Fan
10420 Queens Blvd Apt 20R
Forest Hills, NY 11375
(404) 432-4868
litmus9@msn.com
feifei.fan@hotmail.com
*Pro Se*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| FEI FEI FAN,<br>            Plaintiff,<br>vs.<br>State of Nevada Ex Rel. Board of Regents of the Nevada System of Higher Education, On Behalf of the University of Nevada, Reno<br>            Defendant. | Case No.: 3:24-cv-00427-MMD-CLB |

## CERTIFICATE OF SERVICE

I, Fei Fei Fan, certify that on April 17, 2025, I served the following document(s):

- NOTICE OF STRUCTURAL OBJECTION, RULE-BASED PRESERVATION, AND CONSTITUTIONAL RECORD CLARIFICATION REGARDING ECF NOS. 38 AND 45

on the following individuals by Electronic Filing (via CM/ECF system) indicated:

1. **Frank Z LaForge** (Defendant's Attorney).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

    Respectfully submitted,

    Dated:  April 17, 2025

                                                                                *Fei Fei Fan.*
                                                                                _____
                                                                                Fei Fei Fan
                                                                                *Pro Se*

7