UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FEI FEI FAN,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br><br>STATE OF NEVADA EX REL. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION, ON BEHALF OF THE UNIVERSITY OF NEVADA, RENO,<br><br>　　　　　　　　　　Defendant. | Case No. 3:24-cv-00427-MMD-CLB<br><br>ORDER |

**I.   SUMMARY**

This dispute stems from Plaintiff Fei Fei Fan's employment at the University of Nevada, Reno ("UNR" or Defendant[1]) as an Assistant Professor. (ECF No. 1 at 3.) This order addresses the following, pending motions: (1) Defendant's motion for summary judgment (ECF No. 15 ("Motion"));[2] (2) Defendant's motion to seal documents filed in support of its Motion (ECF No. 16); and (3) Plaintiff's motion to change venue, or in the alternative, for judicial reassignment (ECF No. 49).[3] Because Fan responds to the Motion

---

[1]The Complaint names State of Nevada ex. rel. Board of Regents of the Nevada System of Higher Education, on behalf of the University of Nevada, Reno.

[2]Defendant filed the Motion shortly after filing its Answer. (ECF No. 11.) Plaintiff filed a response to the Motion after her counsel withdrew. (ECF No. 46.) Defendant filed a reply. (ECF No. 50.) Defendant objects to the length of Plaintiff's response as exceeding the page limit for a response to a dispositive motion. (ECF No. 50 at 5.) Local Rule 7-3(a) provides that motions for summary judgment and responses are limited to 30 pages. Plaintiff filed a 22-page opposition but attached an appendix that is 21 pages in length to raise various objections and arguments in response to exhibits attached to Defendant's Motion. (ECF Nos. 46, 46-1.) The objections raised in the appendix contain arguments, so the Court considers the appendix part of the response for purposes of LR 7-3(a)'s limit on the length of briefs. So considered, Plaintiff's response exceeds the applicable page limit. While the Court has reviewed Plaintiff's response and considered all the arguments raised in it, Plaintiff is admonished to comply with the Court's Local Rules going forward.

[3]Defendant responded (ECF No. 54) and Plaintiff replied (ECF No. 55).

1  with new allegations and requests leave to amend but does not address or satisfy the
2  relevant standards for transfer or recusal, and as further explained below, the Court will
3  deny the Motion, deny the motion to change venue, and grant Plaintiff leave to file an
4  amended complaint within 45 days. The Court will also grant Defendant's motion to seal
5  because Defendant presented compelling reasons supporting sealing.

II.  **RELEVANT BACKGROUND**

Defendant hired Plaintiff, a Chinese national woman, as a tenure-track Assistant Professor on July 1, 2015, and terminated her employment on January 19, 2024. (ECF No. 1 at 3.) Plaintiff alleges she "filed a harassment complaint against Defendant in 2021." (*Id.* at 2.) Defendant asserts that, "[i]n January, 2021, Fan filed a complaint against Professor X with EOTIX[4], alleging sexual assault, harassment and misconduct." (ECF No. 15 at 4.) Plaintiff was awarded tenure in March 2021. (*Id.*) Plaintiff alleges she "received retaliation, discrimination and was eventually terminated as a result of making the harassment complaint." (ECF No. 1 at 2.) After her employment termination on January 19, 2024, Plaintiff filed a charge of discrimination with the Nevada Equal Rights Commission ("NERC") and then this lawsuit after she received a NERC right to sue notice. (*Id.*)

More specifically, on September 23, 2024, Plaintiff, through counsel, filed the Complaint, alleging three causes of action: discrimination based on race and gender under Title VII of the Civil Rights Act of 1964 and state law; retaliation under Title VII; and violation of NRS § 613.330 for alleged discrimination based on her sexual orientation. (ECF No. 1 at 4-6.) Defendant filed an Answer on January 9, 2025 (ECF No. 11), followed by the Motion on January 23, 2025 (ECF No. 15). The Court granted the parties' stipulation to extend the response deadline to March 14, 2025 (ECF No. 21), and subsequently granted Plaintiff's motion to extend the deadline to April 15, 2025 (ECF No.

---

[4]UNR's Equal Opportunity and Title IX Office. (ECF No. 15 at 4.)

1  34).[5] During the Court-mandated early neutral evaluation on April 1, 2025, Plaintiff requested that her attorney be terminated, and her attorney filed a motion to withdraw, which was granted. (ECF Nos. 35, 37, 38.) Since then, Plaintiff has represented herself.

### III. DISCUSSION

The Court first addresses the Motion, then the motion to seal, and then the motion to change venue.

#### A. Motion for Summary Judgment

Defendant's primary argument focuses on Plaintiff's retaliation claim. (ECF No. 15 at 14-18.) Defendant further argues that to the extent the Complaint asserts discrimination claims, these claims are legally deficient on several grounds, including for failure to exhaust administrative remedies and failure to state a claim under Fed. R. Civ. P. 12(b)(6). (*Id.* at 18-20.) While Plaintiff's response mostly alleges procedural defects, Plaintiff does point out that the alleged retaliatory actions were not limited to her termination. (ECF No. 46 at 8.) Because Plaintiff's response raises allegations that are not in her Complaint—and as further discussed below—the Court will deny the Motion and grant leave for Plaintiff to file an amended complaint. The Court addresses below Defendant's arguments along with the arguments Plaintiff raises in her response.

Defendant relies on the *McDonnell Douglas* framework to argue that Plaintiff failed to establish her *prima facie* case and Defendant had a legitimate, non-retaliatory reason for its decision to terminate her employment that was not pretextual. (ECF No. 15 at 14-18.) To prevail on a retaliation claim, a plaintiff must first establish a *prima facie* case of retaliation by demonstrating: (1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) there is a causal link between the protected activity and the adverse employment action. *See Dawson v. Entek*, 630 F.3d 928, 936 (9th Cir. 2011). "Title VII retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570

---

[5]Judge Baldwin subsequently granted Plaintiff's pro se motion to extend the response deadline to May 15, 2025. (ECF No. 45.)

1  U.S. 338, 352 (2013). If a plaintiff establishes her *prima facie* case, "the burden of
2  production shifts to the employer to present legitimate reasons for the adverse
3  employment action." *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000)
4  (citation omitted). "Once the employer carries this burden, plaintiff must demonstrate a
5  genuine issue of material fact as to whether the reason advanced by the employer was a
6  pretext." *Id.* (citation omitted). "Only then does the case proceed beyond the summary
7  judgment stage." *Id.*

8  Defendant argues that Plaintiff cannot establish a causal link between her
9  complaint about Professor X in 2021 and her employment termination in January 2024
10 because of the three year gap in time. (ECF No. 15 at 14-15.) In response, Plaintiff asserts
11 that retaliation "began with the Title IX investigation itself, which was triggered after
12 Plaintiff's complaint and conducted in a manner that ignored exculpatory evidence,
13 fabricated interview notes, and denied Plaintiff meaningful access." (ECF No. 46 at 8.)
14 She further asserts that after her complaint in 2021, "UNR escalated internal control,
15 restricted assess to records, and initiated disciplinary proceedings during a period when
16 Plaintiff lacked counsel, discovery, and rebuttal opportunity." (*Id.*) Plaintiff thus contends
17 that her alleged adverse employment actions were not limited to her employment
18 termination but consisted of this other alleged conduct culminating with her employment
19 termination. In reply, Defendant correctly points out that the Complaint does not contain
20 these allegations. (ECF No. 50 at 9.)

21 But Plaintiff's response includes a request for leave to amend under Fed. R. Civ.
22 P. 15. (ECF No. 46 at 13.) The Court cannot find that amendment is futile. Viewing the
23 alleged adverse actions leading to her employment termination raised in Plaintiff's
24 response—i.e., the Title IX investigation, escalation of "internal control" and "restricted
25 access to records"—and depending on when these actions were taken over the course
26 of the three years between her complaint in 2021 and her employment termination in
27 2024, Plaintiff may plausibly allege the requisite causal connection to establish a *prima*
28 *facie* case of retaliation. Moreover, in deciding to grant Plaintiff leave to amend, the Court

considers the additional reasons that Plaintiff's counsel filed the Complaint, Plaintiff has not previously amended her Complaint at this early stage of the proceedings, and Plaintiff is proceeding pro se.

Defendant's arguments as to the legitimate reason for its termination decision and absence of pretext are premised on termination as the sole adverse action. (ECF No. 15 at 15-18.) The Court declines to address these arguments because the Court grants leave to amend for Plaintiff to assert that other adverse actions were allegedly taken against her leading to her employment termination.

Defendant additionally argues that to the extent the Complaint asserts discrimination claims, they fail for the same reason and for additional reasons—that Plaintiff failed to exhaust her administrative remedies, the claims are time barred and the allegations are too conclusory to state a claim. (ECF No. 15 at 18-20.) As to the first argument, the Complaint does assert two claims for discrimination in the first cause of action (discrimination based on race and gender) and the third cause of action (discrimination based on sexual orientation). (ECF No. 1 at 4-6.) While Plaintiff did not respond to Defendant's arguments, the Court declines to address them at this time because the Court is granting leave for Plaintiff to amend her Complaint. She many assert claims for discrimination based on race, gender and/or sexual orientation in her amended complaint to the extent she has a factual basis for them.

Plaintiff's response also raises several arguments about procedural defects that the Court will briefly address. First, Plaintiff generally makes sweeping arguments about structural defects to suggest inherent unfairness and due process violations because Defendant filed the Motion.[6] (*See e.g.* ECF No. 46 at 1 (alleging "structural imbalance"), 2 & 4 (making statements like "structural exclusion," "structurally invalid"), 5 ("structural deprivation," and "structural asymmetry" because Defendant sought summary judgment before providing discovery). But Fed. R. Civ. P. 56 permits the filing of a motion for

---

[6]Plaintiff also discusses other alleged conduct, but the Court declines to address it because it is unrelated to the issues raised in the Motion.

summary judgment, as Defendant has done here, even before discovery is conducted. Rule 56(b) provides that "[u]nless a different time is set . . . a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Here, the Court adopted the parties' proposed date of November 14, 2025 as the deadline for filing dispositive motions. (ECF No. 31 at 10.) In fact, that order acknowledged that Defendant had filed the Motion. (*Id.* at 7.)

Second, Plaintiff asks for relief under Rule 56(d), claiming "procedural ambush." (ECF No. 46 at 14.) Rule 56(d) is explicit as to what a party opposing summary judgment must show to obtain relief: "the nonmovant [must show] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Plaintiff did not file such an affidavit or declaration. Plaintiff instead references Rule 56(d) in generally asking for relief, suggesting Rule 56(d) relief is warranted when "one party monopolizes evidentiary access and seeks summary judgment." (ECF No. 46 at 5.) Plaintiff's general allegations that Defendant has a monopoly over the records is insufficient to meet Rule 56(d)'s requirements. Indeed, beyond failing to file a declaration in support of her request, Plaintiff was required to explain in that declaration, "the specific facts that further discovery would have revealed or explain[ed] why those facts would have precluded summary judgment." *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1076 (9th Cir. 2019) (citation omitted). Plaintiff did not do so.

Finally, Plaintiff claims that she "was systemically denied access to the procedural tools required to litigate," citing to Defendant's filing of sealed exhibits, "CM/ECF denial," and her former counsel's failure to timely transmit materials to her. (ECF No. 46 at 3.) Understandably, there is a transition period from being represented by counsel to self-representation,[7] but the docket records the Court has reviewed do not support the contention that Plaintiff was "systemically denied access." (*Id.*) On April 1, 2025, Plaintiff's

---

[7]In fact, at Plaintiff's request, the Court extended the deadline for her to respond to the Motion given that she was newly proceeding pro se. (ECF No. 45 at 1 (extending response deadline from April 15, 2025, to May 15, 2025).) Plaintiff filed her response on April 14, 2025, before the expiration of the former deadline. (ECF No. 46.)

1  counsel filed a motion to withdraw. (ECF No. 35; ECF No. 34 (as reflected in the minutes
2  of the Early Neutral Evaluation Plaintiff requested that her attorney be terminated).) The
3  Court granted the motion the next day, on April 2, 2025. (ECF No. 38.) On April 3, 2025,
4  Plaintiff filed a motion for leave to file documents electronically. (ECF No. 40.) The Court
5  granted her motion the next day, on April 4, 2025. (ECF No. 42.) There was no delay in
6  Plaintiff gaining access to the Court's electronic filing system to access the docket for this
7  case. The Court rejects her argument to the contrary.

### B.  Defendant's Motion to Seal

Defendant seeks leave to file some exhibits to its Motion under seal because these exhibits discuss Plaintiff's sexual relationship with non-party Professor X, along with Professor X's family. (ECF No. 16.) Defendant further explains it seeks leave to file these materials under seal consistent with its internal regulations, which deem personnel files confidential. (*Id.* at 3.) And Defendant notes some of these exhibits contain personal information. (*Id.*) Defendant also addresses the correct legal standard in its motion. (*Id.*) Plaintiff did not file an opposition to the motion.

Defendant has presented compelling reasons supporting filing these exhibits under seal. "[C]ourts have recognized the significant interest of non-party employees in keeping their employment files ... secret." *Kalberer v. Am. Fam. Mut. Ins. Co.*, No. 2:13-CV-02278-JCM, 2014 WL 5780383, at *1 (D. Nev. Nov. 5, 2014) (citation omitted) (granting motion to seal an exhibit containing the personnel records of two non-party employees under the compelling reasons standard). The Court will accordingly grant the motion to seal.

However, Defendant filed the motion to seal itself under seal. (ECF No. 16.) The motion—unlike the exhibits attached to it—does not contain any sensitive or personal information that should be maintained under seal. (*Id.*) The Court will accordingly direct the Clerk of Court to unseal the motion itself.

///

///

7

### C. Plaintiff's Motion to Transfer Venue

Plaintiff seeks to transfer venue under 28 U.S.C. 1404(a), arguing in gist that due to a "confluence of institutional entanglement, procedural asymmetry, and adverse framing dynamics" this case cannot be fairly adjudicated in this venue. (ECF No. 49 at 3.) Her reference to "institutional entanglement" appears to be based on her assertion that UNR is "a governance anchor" within a system that includes "the Governor's Office, and judicial appointments throughout this District." (*Id.*) Plaintiff's claim of structural unfairness appears to be grounded on the incorrect understanding that the State of Nevada and its officials are involved in the appointment of federal judicial officers. To be clear, they are not. Federal judges are nominated by the President of the United States and confirmed by the United States Senate. See UNITED STATES COURTS, *Types of Federal Judges* (last visited June 24, 2025), https://perma.cc/5VPN-YP7N (stating that federal judges "are nominated by the president and confirmed by the U.S. Senate.").

As to "procedural asymmetry" and "adverse framing dynamics," Plaintiff cites to objections that have not been addressed and rulings that purportedly favor Defendant. But Plaintiff's disagreement with the Court's rulings and the time it takes to resolve motions and objections cannot serve as a basis to transfer venue. *See In re Complaint of Jud. Misconduct*, 838 F.3d 1030 (9th Cir. 2016) ("Adverse rulings are not proof of bias or fraud.") (citation omitted). Plaintiff also argues that "structural concerns" were raised in two other cases, one involving Plaintiff, in which the United States Court of Appeals for the Ninth Circuit reversed the district court's dismissal orders. (ECF No. 49 at 5.) But these decisions addressed dismissal on the merits, and the appellate process is the proper avenue for Plaintiff to challenge the Court's decisions.

Plaintiff finally asks for "judicial reassignment within the District of Nevada" in the alternative. (ECF No. 49 at 5-6.) She accordingly appears to seek the Court's recusal. But Plaintiff does not address the correct standard or articulate any argument regarding the Court's bias or perceived bias. 28 U.S.C. § 455(a) mandates disqualification if the judge's impartiality might reasonably be questioned. *See* 28 U.S.C. § 455(a). Section

455(b)(1) compels recusal where a judge has personal bias or prejudice towards the moving party. *See* 28 U.S.C. § 455(b)(1). The substantive standard for recusal under 28 U.S.C. § 455 is: "[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (quotation omitted). As to the Court specifically, Plaintiff does not address this standard, much less show recusal is warranted.

In sum, Plaintiff's motion to transfer venue is denied.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Defendant's motion for summary judgment (ECF No. 15) is denied without prejudice as discussed herein.

It is further ordered that, if Plaintiff chooses to file an amended complaint consistent with this order, she must file it within 45 days.

It is further ordered that if Plaintiff does not file an amended complaint within 45 days, the Court may dismiss her claims against Defendant without prejudice and close this case without further notice to Plaintiff.

It is further ordered that Defendant's motion to seal (ECF No. 16) is granted. The exhibits attached to it will remain under seal.

However, the Clerk of Court is directed to unseal the motion to seal (ECF No. 16) itself—but not, for clarity, the exhibits attached to it.

It is further ordered that Plaintiff's motion to change venue (ECF No. 49) is denied.

DATED THIS 24th Day of June 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE