UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FEI FEI FAN,<br><br>                       Plaintiff,<br><br>     v.<br><br>STATE OF NEVADA EX REL. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION, ON BEHALF OF THE UNIVERSITY OF NEVADA, RENO,<br><br>                       Defendant. | Case No. 3:24-CV-00427-MMD-CLB<br><br>**ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR PROTECTIVE ORDER AND GRANTING DEFENDANT'S MOTION TO COMPEL IN-PERSON DEPOSITION**<br><br>[ECF Nos. 83, 85] |

Currently pending before the Court is Plaintiff Fei Fei Fan's ("Fan") Renewed Motion for Protective Order, (ECF No. 83), and Defendant University of Nevada, Reno's ("UNR") Motion to Compel In-Person Deposition Attendance, (ECF No. 85). In short, Fan is scheduled to be deposed by UNR on January 16, 2026, (ECF No. 83-1), and Fan seeks a protective order to appear remotely while UNR seeks an order compelling her to appear in person. (*See* ECF Nos. 83, 85.) For the reasons discussed below, the Court denies Fan's motion for a protective order and grants UNR's motion to compel Fan to appear in person for her deposition.

**I.    DISCUSSION**

The Court assumes Fan and UNR are familiar with the facts and procedural history of this case and will not repeat them here. The Court will first address Fan's motion for a protective order before turning to UNR's motion to compel.

    **1.    Motion for Protective Order**

Federal Rule of Civil Procedure 26(c)(1) permits courts to issue a protective order upon a showing of good cause to prevent "annoyance, embarrassment, oppression, or undue burden or expense." The person seeking the protective order bears the burden of

showing "that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) (citing *Phillips v. Gen. Motors*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)). Here, Fan, who lives in New Jersey, (ECF No. 70), seeks a protective order to prevent undue burden and expense by permitting her to appear for her deposition remotely pursuant to Rule 30(b)(4). (ECF No. 83.) She argues having to appear in person would impose "a substantial and entirely avoidable burden" because traveling to Reno would cost approximately $1,000 and require her to take unpaid leave at work. (*Id.* at 5-6.) Alternatively, if the Court is inclined to require her to appear in person, Fan seeks a protective order requiring UNR to pay her travel expenses. (*Id.* at 6-7.) The Court is unpersuaded on both fronts.

First, the Court disagrees with Fan that spending approximately $1,000 in travel expenses constitutes "a substantial" burden. As UNR points out, Fan testified in a different deposition earlier this year that her annual salary is $110,000. (ECF No. 84-3 at 5.) Fan's travel expenses, then, amount to less than 1% of her annual salary. Such a minor cost cannot constitute a substantial expense without additional evidence showing financial hardship, which Fan does not provide. Fan makes no argument nor adduces any evidence to support her claim that spending $1,000 would cause her any hardship, let alone a substantial hardship. Instead, Fan relies on conclusory and unsubstantiated assertions. Such assertions, however, fall short of Rule 26's good cause requirement.

Second, the Court similarly disagrees with Fan's assertion that she would be unduly burdened because she would have to take unpaid time off of work. According to Fan, her yearly leave accrues at the start of the year, and if she were required use "a significant portion" to attend the deposition in Reno it would "force [her] to take unpaid leave and would severely limit her ability to manage work responsibilities for the remainder of the month." (ECF No. 83 at 5-6.) Fan's argument is confusing for several reasons. First, it is not clear to the Court why Fan would have to take unpaid leave. Fan asserts her leave accrues at the beginning of the year, which implies she would have sufficient leave to cover two days of travel. Second, Fan's deposition is scheduled on a

Friday, so she would only have to miss two days of work to appear in person. (*See* ECF No. 83-1.) The Court is skeptical that two days constitutes a "significant portion" of Fan's total leave days.

Third, the Court does not understand, and Fan does not explain, how having to take two days off would "severely limit" her ability to manage her responsibilities at work. Fan was notified about this deposition on November 17, 2025, (*id.*), and thus has had ample time to make arrangements at work. Fourth, Fan does not support her argument with any evidence, such as an affidavit or a copy of her employer's leave policy. She again relies on conclusory assertions of hardship. As already mentioned, however, such assertions are insufficient to establish good cause.

Lastly, the Court rejects Fan's argument that UNR should be required to cover her travel expenses to mitigate the burden imposed. Fan cites to no caselaw or precedent to support her position, and the Court sees no reason to require UNR to subsidize litigation Fan chose to pursue. The thrust of Fan's argument is that because UNR is insisting on an in-person deposition they should be the ones to pay for it. However, as discussed in the next section, the reason UNR is insisting on an in-person deposition, at least in part, is because Fan has demonstrated an unwillingness to act appropriately when appearing remotely. Thus, it is because of Fan's own actions that she finds herself having to appear in-person, and not because of UNR's unreasonableness as she suggests. Furthermore, UNR has already mitigated the burden on Fan by scheduling her deposition on a Friday to reduce her time away from work. (ECF No. 84 at 5 n.4.)

In sum, Fan has failed to show there is good cause for the Court to issue a protective order under Rule 26. At best, her protestations amount to mere inconveniences. Fan's renewed motion for a protective order, (ECF No. 83), is therefore denied.

///

///

///

## 2. Motion to Compel

Federal Rule of Civil Procedure 30(b)(4) permits courts to order "a deposition [to] be taken by telephone or other remote means." UNR, as the party objecting to remote appearance, bears the burden of showing they will be prejudiced if Fan were to be deposed remotely. *See Johnson v. Sager*, 2012 WL 213471, at *1 (W.D. Wash. 2012). UNR argues a remote deposition is inappropriate because: (1) Fan, as the plaintiff, is the most important witness in the case and it is important for them to depose her face to face; (2) Fan's previous deposition transcripts show she acts inappropriately when appearing remotely; (3) UNR intends to use "a great number of documents" during the deposition, which is difficult to do via Zoom; and (4) UNR intends to record the deposition and a Zoom recording is insufficient. (ECF No. 85 at 4-7.) In response, Fan argues UNR's proffered reasons amount to preferences and inconvenience, not prejudice. (ECF No. 86 at 3-4.) The Court has reviewed the evidence and believes UNR will be prejudiced if they are unable to depose Fan in person.

As UNR points out, Fan has demonstrated through past depositions that she is unwilling to act appropriately when appearing remotely. In one deposition, Fan was checking her email while being deposed. (ECF No. 84-3 at 9.) After being instructed to close her email, Fan continued looking away from the camera. (*Id.* at 12.) When asked why she kept looking away by the attorney, Fan stated "[b]ecause I don't want to look at your face." (*Id.*) During the same deposition, someone outside of Fan's room interrupted the deposition, (*id.* at 6), as did her dog, (*id.* at 13). In another deposition, Fan attempted to use an online application to take the deposition instead of taking it herself. (ECF No. 84-4 at 6-7.) It appears Fan was using an online translator. However, using such a program does not make sense since there was an actual translator present on Zoom for the deposition. (*Id.* at 5.) Taken together, the Court believes Fan would not act appropriately during the deposition if she appeared remotely thereby prejudicing UNR.

Furthermore, courts have routinely "recognized the importance of in-person testimony, particularly in cases involving subjective or emotional testimony," as is the

4

case here. *Richardson v. Grey*, 2025 WL 843768 (D. Idaho) (collecting cases). Fan alleges she was exposed to sexual harassment and a hostile work environment while at UNR, thus making her subjective testimony an important piece of evidence. (*See* ECF No. 1.) The Court agrees with UNR that being able to depose Fan face to face is important to gauge her credibility. This is especially so given that Fan is the <u>plaintiff in this action, which she filed in Nevada</u>, and the general rule is plaintiffs "must appear for depositions in the forum where they filed suit unless they demonstrate extraordinary circumstances." *Id.* at *3; *see also Ross-Nash v. Almond*, 2020 WL 11036016, at *2 (D. Nev. 2020) (noting "a plaintiff is generally expected to make herself available for deposition in the forum in which she brought suit" absent "a strong showing of hardship"); *Colony Ins. Co. v. Sanchez*, 2019 WL 3241160, at *4 (D. Nev. 2019) ("A plaintiff is generally expected to make itself available for examination in the district in which it brought suit.").

This is because plaintiffs, unlike other witnesses, have "taken the volitional step of initiating the lawsuit" and "stand[] to gain a substantial monetary sum" if they ultimately succeed. *United States v. Rock Springs Vista Dev.*, 185 F.R.D. 603, 604 (D. Nev. 1999). "A plaintiff, therefore, cannot invoke the mere fact [of] inconvenience or expense as a legitimate reason to refuse to appear and submit . . . herself to questioning by the defendant." *Id.* As already discussed, Fan's arguments against appearing in person are unpersuasive and amount to mere inconvenience, not true hardship.

Finally, the Court agrees with UNR that Zoom is not conducive to high quality recordings or dealing with documentary exhibits. Zoom recordings are dependent on the quality of the deponent's equipment, and there is nothing in the record to suggest Fan has anything more than a standard webcam or microphone available for the deposition. Moreover, if UNR plans to use documentary evidence that means the recoding would capture the document as opposed to Fan's face, thus robbing UNR of the ability to see Fan's face as she reviews the documents. Being able to see and record Fan's facial expressions as she reviews evidence is important for determining her credibility, and to deprive UNR of that would be prejudicial.

Accordingly, the Court finds UNR has demonstrated they would be sufficiently prejudiced if Fan were to appear remotely to justify an order compelling her in-person attendance. UNR's motion to compel, (ECF No. 85), is therefore granted.

## II. CONCLUSION

In sum, Fan has not provided evidence showing she would be unduly burdened by having to travel to Reno to attend her deposition in person. UNR, on the other hand, has provided ample evidence showing they would be prejudiced if Fan did not appear in person. Thus, Fan is required to appear in person on January 16, 2026, to be deposed by UNR.

**IT IS THEREFORE ORDERED** that Fan's renewed motion for a protective order, (ECF No. 83), is **DENIED**.

**IT IS FURTHER ORDERED** that UNR's motion to compel Fan's in-person attendance at her deposition, (ECF No. 85), is **GRANTED**.

**IT IS FURTHER ORDERED** that Fan's deposition, absent a stipulation by the parties to the contrary, shall proceed as scheduled on **January 16, 2026**.

DATED December 30, 2025.

_____
**UNITED STATES MAGISTRATE JUDGE**