UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEI FEI FAN,<br><br>                 Plaintiff,<br><br>      v.<br><br>STATE OF NEVADA EX REL. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION, ON BEHALF OF THE UNIVERSITY OF NEVADA, RENO,<br><br>                 Defendant. | Case No. 3:24-CV-00427-MMD-CLB<br><br>**ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR SUBPOENA AND MOTION TO COMPEL**<br><br>[ECF Nos. 95, 96] |

       Before the Court is Plaintiff Fei Fei Fan's ("Fan") emergency motion to direct the Clerk to issue a subpoena, (ECF No. 95), and motion to compel, (ECF No. 96.) Both motions are denied for the reasons stated below.

**I.    EMERGENCY MOTION**

       The Court will first address Fan's emergency motion to direct the clerk to issue a subpoena. (ECF No. 95.) This motion relates to a previous motion filed by Fan, seeking the Clerk issue a subpoena to a third party. (ECF No. 92.) Fan seeks the Court either "immediately issue the subpoena submitted at [ECF No.] 92" or shorten the deadline for an opposition to no more than three days. (ECF No. 95.) Fan states that absent such relief, she "will lose the ability to timely serve the subpoena and obtain the requested deposition." (*Id.* at 2.)

       The filing of emergency motions is disfavored and should be confined to "the most limited circumstances." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1141 (D. Nev. 2015). Emergency motions burden both the parties and the court, requiring each to "abandon other matters to focus on the pending 'emergency.' " *Id*. When a party files a motion on an emergency basis, it is within the sole discretion of the court to determine whether any such matter is, in fact, an emergency. LR 7-4(c). The local rules make clear

that "[e]mergency motions should be rare" and that "[t]he court may determine whether any matter submitted as an 'emergency' is, in fact, an emergency." LR 7-4(b)-(c). The court has the discretion to strike the emergency designation of a pleading, and the pleading filed with the court must comply with the local rules. *Tumminello v. Capstone On-Campus Mgmt.*, LLC, No. 2:25-CV-01740-CDS-NJK, 2025 WL 2711865, at *2 (D. Nev. Sept. 22, 2025); LR 7-4(c) ("Failure to comply with the requirements for submitting an emergency motion may result in denial of the motion.") "A party or attorney's failure to effectively manage deadlines, discovery, trial, or any other aspect of litigation does not constitute an emergency." LR 7-4(b). The local rules require that all emergency motions "be accompanied by a declaration setting forth: (1) the nature of the emergency; (2) the office addresses and telephone numbers of movant and all affected parties; and (3) a statement of movant certifying that" the parties have met and conferred but could not "resolve the matter without court action." *See* LR 7-4(a) (cleaned up). Further, "[i]f the nature of the emergency precludes a meet and confer, the statement must include a detailed description of the emergency, so the court can evaluate whether a meet and confer truly was precluded." *See id*.

Here, the Court finds that Fan's emergency motion to direct the clerk to issue a subpoena does not comply with the technical requirements of LR 7-4. Fan did not file a declaration that included the information required under the rules and it appears no actual meet and confer occurred regarding this "emergency" motion. Fan also does not explain why the instant issue is an emergency and not merely her failure to effectively manage deadlines, in violation of the local rules. *See* LR 7-4(b). As Fan failed to comply with the requirements of LR 7-4, the Court may deny her motion for that reason alone. LR 7-4(c).

However, additionally, the original motion for subpoena is dated Tuesday, December 30, 2025, but was entered on the Court's docket on Wednesday, December 31, 2025. (ECF No. 92.) The Court was closed on Thursday, January 1, 2026, and Friday, January 2, 2026. The Court entered an order granting Fan's motion for subpoena

on Monday, January 5, 2026, the first full day the Court was open after Fan's motion was docketed. (ECF No. 93.) Although Fan's motion is dated January 1, 2026, the motion was not docketed to the Court's electronic filing system until January 6, 2026. (*See* ECF No. 95 (docket text reading "(Entered: 1/06/2026)").)[1] Thus, by the time the Court became aware of the emergency motion, Fan's original motion for subpoena had already been granted. (ECF No. 94.) As the relief requested in the motion has already been granted, Fan's "emergency" motion for subpoena, (ECF No. 95), is also denied as moot.

## II.     MOTION TO COMPEL

The Court now turns to Fan's motion to compel. (ECF No. 96.) Fan seeks that Defendant University of Nevada, Reno ("UNR") be compelled to serve supplemental responses to her requests for production ("RFPs"). (*Id.*)

First, the filing of this motion to compel occurred *prior* to Fan filing a "motion regarding discovery dispute" with the Court. At a hearing on June 6, 2025, the Court directed Fan to "carefully review the Court's Civil Standing Order (ECF No. 13) as it specifically outlines how to proceed before this Court regarding discovery disputes." (ECF No. 66 at 2.) The Court's Civil Standing Order explicitly states that "[n]o discovery motion may be filed until this procedure has been followed and such briefing is ordered by the Court." (ECF No. 13 at 5.) However, Fan still failed to follow the Court's informal discovery dispute mechanism. Accordingly, Fan's motion to compel may be denied without prejudice as premature.

Next, Fan does not provide sufficient information to show that a proper meet and

---

[1] Although Fan was granted leave to file electronically, (ECF No. 42), it appears Fan is still mailing or emailing her filings to the Clerk's Office for docketing. It is unclear why Fan is not utilizing the electronic filing system, as any filings sent to the Clerk's Office to be docketed will very likely be delayed due to the volume of such filings received daily and Court closures for holidays, such as New Year's Day, in addition to any delays that may be caused by the postal service. If Fan truly believes a motion must be filed on an emergency basis, it seems unwise to delay the docketing of such motions by not utilizing the Court's electronic filing system herself. The Court will also repeat its previous explanation to Fan of the importance for "allowing time for the briefing process to occur and allowing the time for the Court to issue a ruling on motions filed by the parties." (ECF No. 66 at 1-2.) The Court will not look favorably on future "emergency" motions where Fan fails to allow time for the Court to issue rulings.

3

confer occurred prior to filing the motion to compel. Pursuant to the Court's local rules, "[d]iscovery motions will not be considered unless the movant (1) has made a good-faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." LR 26-6(c). Instead of providing the specific information required by the local rules, Fan only generally states that the parties "met and conferred" on December 18, 2025, "regarding deficiencies in UNR's responses to Plaintiff's First, Second, and Third Sets of Requests for Production, including the absence of request-specific identification of produced documents and the failure to state whether responsive materials were being withheld." (ECF No. 96-1.) Fan does not set forth the details and results of the meet and confer for ***each disputed discovery request***. Thus, Fan's motion to compel may also be denied for failure to provide a sufficient declaration under LR 26-6(c).

However, in reviewing UNR's responses to Fan's RFPs, the Court is troubled by UNR's responses. (*See* ECF Nos. 96-2, 96-3, 96-4.) The Court does not find it appropriate for UNR to respond to Fan's RFPs by stating that it has produced responsive documents without listing the corresponding Bates range. The Court likewise frowns upon UNR's responses to RFPs by stating it is unaware of responsive documents without outlining the efforts that were undertaken to make that determination.

During discovery, "[t]he requesting party 'is entitled to individualized, complete responses to each of the [RFPs], ... accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced.' " *Shaw v. Davis*, No. 3:18-CV-0551-MMD-CLB, 2021 WL 3889982, at *4 (D. Nev. Aug. 31, 2021) (quoting *Womack v. Gibbons*, No. 1:19-cv-00615-AWI-SAB-PC, 2021 WL 1734809, at *2 (E.D. Cal. May 3, 2021)). If no documents can be located, the responding party must provide a detailed declaration explaining the search conducted with sufficient specificity to allow the Court to determine whether a reasonable search was performed. *Cf. V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 366-

4

67 (D. Nev. 2019). Although Fan's motion to compel is denied as procedurally deficient, the Court *sua sponte* orders UNR to review its responses to Fan's RFPs for potential supplementation because it is unclear if UNR has fully complied with the requirements for responding to RFPs. Fed. R. Civ. P. 26(e) Advisory Committee Notes (1970) (Under Rule 26(e), "a duty to supplement may be imposed by order of the court in a particular case[.]")

Discovery in this case appears to be contentious and both parties appear frustrated. However, "[d]iscovery is supposed to proceed with minimal involvement of the Court." *V5 Tech. v. Switch, Ltd.*, 334 F.R.D. 297, 301 (D. Nev. 2019) (quoting *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986)). Both parties, including Fan, are required to follow the rules, including the Federal Rules of Civil Procedure and the Local Rules. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). The Local Rules provide that "[t[he court may, after notice and an opportunity to be heard, impose any and all appropriate sanctions on an attorney *or party* who. . . [f]ails to comply with the Nevada Rules of Professional Conduct." LR IA 11-8 (emphasis added). Therefore, the Court reminds both parties that any failure to comply with the rules of the Court or its orders may result in sanctions.

### III.    CONCLUSION

**IT IS THEREFORE ORDERED** that Fan's "emergency" motion for issuance of subpoena, (ECF No. 95), is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Fan's motion to compel, (ECF No. 96), IS **DENIED**.

**IT IS FURTHER ORDERED** that UNR is directed to reexamine its responses to Fan's RFPs for potential supplementation.

**IT IS SO ORDERED**.

DATED:  January 8, 2026 .

_____
**UNITED STATES MAGISTRATE JUDGE**