Fei Fei Fan
100 Avenue G Apt 568
Bayonne, NJ 07002
(404) 432-4868
litmus9@msn.com
feifei.fan@hotmail.com
Pro Se

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

FEI FEI FAN,

               Plaintiff,

vs.

State of Nevada Ex Rel. Board of Regents of the Nevada System of Higher Education, On Behalf of the University of Nevada, Reno

               Defendant.

Case No.: 3:24-cv-00427-MMD-CLB

**Plaintiff's Motion for Partial Summary Judgment**

## I. INTRODUCTION

Plaintiff moves for partial summary judgment under Rule 56 on discrete matters that are not genuinely disputed and that narrow the issues for trial. Specifically, Plaintiff seeks an order establishing that she engaged in protected activity under Title IX when she submitted a sex-discrimination complaint through UNR's Equal Opportunity and Title IX process in January 2021, and that UNR's Title IX investigation generated the investigative record later used in the disciplinary proceedings against her. Rule 56 permits partial summary judgment on a claim or on part of a claim where no genuine dispute of material fact exists and the movant is entitled to judgment as a matter of law.

The material facts relevant to this motion are not genuinely disputed. Plaintiff filed a Title IX complaint through UNR's EO/TIX reporting system. The undisputed record shows that UNR's Title IX investigation generated interview summaries, investigative materials, and reports maintained within UNR-controlled systems, and that those materials formed part of the investigative record later used in the disciplinary proceedings.

1

This motion does not ask the Court to resolve every disputed issue in the case, to adjudicate witness credibility, or to determine the ultimate merits of Plaintiff's retaliation claim. Nor does Plaintiff ask the Court, at this stage, to decide disputed questions concerning intent, causation, or the truth of the parties' competing accounts. Instead, Plaintiff seeks a narrower ruling: that the record establishes, without genuine dispute, the protected nature of her Title IX complaint and the institutional origin and use of the investigative record that UNR later relied upon in the disciplinary process.

Resolving those issues now will materially narrow the matters requiring trial. If the Court grants partial summary judgment on these points, the remaining disputes will be limited to contested issues of motive, causation, and liability, rather than whether Plaintiff engaged in protected activity or whether the disciplinary process rested on an investigative record generated through UNR's Title IX investigative process.

## II. STATEMENT OF UNDISPUTED MATERIAL FACTS

The following material facts are not in dispute.

1. On January 29, 2021, Plaintiff submitted a Title IX report through the University of Nevada, Reno's EO/TIX reporting system. (Ex. A at PF000090; UNR's answer, ECF No. 72 ¶ 26.)

2. The report reflects that it was received and modified within UNR's Title IX reporting system on February 1, 2021. (Ex. A at PF000092–93.)

3. In February 2021, personnel from UNR's Equal Opportunity & Title IX Office contacted Plaintiff regarding the report and provided materials describing the University's Title IX investigative process. (Ex. B at FA000021–23.)

4. UNR Title IX investigative materials state that investigators prepare written summaries of interviews and that those summaries are to be provided to the interviewee for review and signature. (Ex. B at FA000025.)

5. UNR-generated statement forms reflecting Plaintiff's Title IX interviews identify interviews conducted in March and May 2021. (Ex. C at FA000097–121.)

6. The statement forms reflecting Plaintiff's interviews do not contain Plaintiff's signature. (Ex. C at FA000097–121.)

7. Metadata associated with the Title IX statement forms identifies UNR Title IX personnel as the author and reflects that the documents were last modified in 2023. (Ex. D at FA000084, FA000087, FA000090.)

8. The original investigator, Stephanie Augdahl, conducted interviews of Plaintiff and witnesses and gathered evidence as part of the University's Title IX investigation. (Ex. E at FA000050.)

9. Augdahl drafted an investigation report but did not finalize the draft report and did not provide the draft report to the parties for review. (Ex. E at FA000051.)

10. An external investigative report prepared for UNR states that it relied, in part, on interview notes and draft investigative materials generated during the earlier Title IX investigation. UNR admits that TNG's investigation relied in part on the investigation begun by its Title IX department and on Augdahl's interview notes. (Ex. E at FA000051, FA000056 n.5; UNR's answer, ECF No. 72 ¶¶ 41–42.)

11. The Hearing Outcome Final Determination Letter states that multiple investigators conducted a formal investigation of the allegations and that the final investigation report served as the basis for the formal hearing. (Ex. F at UNR000180.)

12. The Hearing Outcome Final Determination Letter further states that the interview notes taken by the original Title IX investigator, Stephanie Augdahl, were critical to the hearing officer's analysis of the alleged policy violations. (Ex. F at UNR000185.)

13. The Hearing Outcome Final Determination Letter also states that the hearing officer requested and received the investigator's interview notes. (Ex. F at UNR000186.)

### III. LEGAL STANDARD

Summary judgment is appropriate where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome under the governing law, and a dispute is genuine if the evidence is

such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

### IV. ARGUMENT

**Argument A. Plaintiff Engaged in Protected Activity When She Filed Her Title IX Complaint**

Title IX prohibits retaliation against an individual for complaining about or opposing sex discrimination. See 20 U.S.C. § 1681; *Jackson v. Birmingham Board of Education*, 544 U.S. 167, 173–74 (2005).

The undisputed record establishes that Plaintiff submitted a sex-discrimination complaint through the University of Nevada, Reno's Equal Opportunity and Title IX reporting system on January 29, 2021. (Ex. A at PF000090.) UNR admits that Plaintiff filed this complaint. (UNR's Answer, ECF No. 72 ¶ 26.)

Filing a complaint through a university's Title IX reporting system constitutes protected activity as a matter of law. Because the fact of Plaintiff's complaint is undisputed, the Court may resolve the protected-activity element of Plaintiff's Title IX retaliation claim under Rule 56.

Partial summary judgment is therefore appropriate establishing that Plaintiff engaged in protected activity when she submitted her Title IX complaint in January 2021.

**Argument B. The Disciplinary Process Relied on an Investigative Record Generated Within UNR's Title IX System**

This undisputed factual issue forms part of the evidentiary basis for the adverse-action and causation elements of Plaintiff's Title IX retaliation claim and may therefore be resolved under Rule 56.

The undisputed record further establishes that the investigative materials underlying the disciplinary proceedings were generated within UNR's Title IX system.

Plaintiff submitted a Title IX report through UNR's EO/TIX reporting system on January 29, 2021, and the report was entered into the University's investigative file shortly thereafter. (Ex. A at PF000090–93.) UNR Title IX personnel subsequently communicated with Plaintiff regarding

the complaint and provided materials describing the investigative procedures governing the investigation. (Ex. B at FA000021–30.)

UNR's investigative procedures provide that investigators prepare written summaries of interviews and that those summaries are to be provided to the interviewee for review and signature. (Ex. B at FA000025.) The investigative materials produced in discovery include interview summaries and statement forms generated within UNR's Title IX system reflecting Plaintiff's interviews in March and May 2021. (Ex. C at FA000097–121.) The statement forms reflecting the interview notes of Plaintiff's interviews produced in discovery do not bear Plaintiff's review or signature. (Id.)

Metadata associated with these materials identifies UNR Title IX personnel as the author and editor of the documents and reflects that the documents were last modified in 2023 within UNR systems. (Ex. D at FA000084, FA000087, FA000090.)

Nevertheless, the external investigative report further states that it relied, in part, on these unsigned interview notes and draft investigative materials generated during the earlier Title IX investigation conducted by UNR investigator Stephanie Augdahl. (Ex. E at FA000051, FA000056 n.5.) UNR likewise admits that the external investigation relied in part on the investigation begun by its Title IX department and on Augdahl's interview notes. (UNR's Answer, ECF No. 72 ¶¶ 41–42.)

The Hearing Outcome Final Determination Letter further confirms that the final investigation report served as the basis for the formal hearing and that the investigator's interview notes were critical to the hearing officer's analysis. (Ex. F at UNR000180, UNR000185–86.)

These undisputed facts establish that the investigative record relied upon in the disciplinary proceedings originated within UNR's Title IX investigation, was generated within UNR-controlled systems, and formed part of the evidentiary basis for the disciplinary process. Because these facts are not genuinely disputed, partial summary judgment is appropriate on this issue.

**V. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant partial summary judgment and enter an order establishing that:

(1) Plaintiff engaged in protected activity when she submitted a Title IX complaint through the University of Nevada, Reno's Equal Opportunity and Title IX reporting system on January 29, 2021; and

(2) the disciplinary proceedings at issue relied on investigative materials generated during UNR's Title IX investigation, including the investigation report and interview notes prepared in that process.

Resolving these issues will materially narrow the matters remaining for trial and clarify the issues to be resolved by the factfinder on Plaintiff's retaliation claim.

Respectfully submitted,

Dated: March 5, 2026

*Fei Fei Fan.*
_____

Fei Fei Fan

Pro Se

6

**Exhibit List**

Exhibit A –    Plaintiff Title IX Complaint (PF000090–PF000093)

Exhibit B –    EO/TIX Email and Procedures (FA000021–FA000030)

Exhibit C –    Interview Statement Forms (FA000097–FA000121)

Exhibit D –    Metadata of Interview Statement Forms (FA000084, FA000087, FA000090)

Exhibit E –    TNG Draft Investigation Report Excerpt (FA000048–FA000051, FA000055–
               FA000056)

Exhibit F –    Hearing Determination Letter Excerpt (UNR000179–UNR000186)

Fei Fei Fan
100 Avenue G Apt 568
Bayonne, NJ 07002
(404) 432-4868
litmus9@msn.com
feifei.fan@hotmail.com
Pro Se

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

FEI FEI FAN,

                        Plaintiff,

vs.

State of Nevada Ex Rel. Board of Regents
of the Nevada System of Higher
Education, On Behalf of the University of
Nevada, Reno

                        Defendant.

Case No.: 3:24-cv-00427-MMD-CLB

**Declaration of Fan in Support of Plaintiff's
Motion for Partial Summary Judgment**

I, Fei Fei Fan, declare as follows:

1. I am the Plaintiff in this action and submit this declaration in support of my Motion for Partial Summary Judgment.

2. The exhibits attached to and cited in the Motion are true and correct copies of documents that I obtained, received, or produced during the course of this litigation.

3. To the best of my knowledge, the factual statements in the Motion are supported by the documents submitted herewith and cited therein.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Respectfully submitted,

Executed this 5th day of March, 2026

*Fei Fei Fan.*

Fei Fei Fan

Plaintiff, Pro Se

8

Fei Fei Fan
100 Avenue G Apt 568
Bayonne, NJ 07002
(404) 432-4868
litmus9@msn.com
feifei.fan@hotmail.com
Pro Se

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

FEI FEI FAN,

                Plaintiff,

vs.

State of Nevada Ex Rel. Board of Regents
of the Nevada System of Higher
Education, On Behalf of the University of
Nevada, Reno

                Defendant.

Case No.: 3:24-cv-00427-MMD-CLB

## CERTIFICATE OF SERVICE

I, Fei Fei Fan, certify that on March 5, 2026, I served the following document(s):

- Plaintiff's Motion for Partial Summary Judgment

on the following individuals by Electronic Filing (via CM/ECF system):

1. Frank Z. LaForge, Esq. (counsel for Defendant);

2. Tania Gonzalez Contreras, Esq. (counsel for Defendant).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: March 5, 2026

*Fei Fei Fan.*
_____

Fei Fei Fan

Pro Se

9