UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

FEI FEI FAN,

Plaintiff,

v.

STATE OF NEVADA EX REL. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION, ON BEHALF OF THE UNIVERSITY OF NEVADA, RENO,

Defendant.

Case No. 3:24-cv-00427-MMD-CLB

ORDER

This dispute stems from Plaintiff Fei Fei Fan's employment at the University of Nevada, Reno ("UNR" or Defendant[1]) as an Assistant Professor. (ECF No. 71 ("First Amended Complaint" or "FAC").) UNR seeks to dismiss only count III, a forced labor claim in violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA")[2], under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (ECF No. 87 ("Motion")[3].)  For the reasons discussed herein, the Court grants the Motion.

UNR argues it is entitled to the Eleventh Amendment immunity[4], and the TVPRA does not abrogate the states' sovereign immunity so Plaintiff cannot bring a TVPRA claim against UNR. (ECF No. 87 at 3.) As support, UNR cites to *Mojsilovic v. Oklahoma ex. rel.*

---

[1]The FAC names State of Nevada ex. rel. Board of Regents of the Nevada System of Higher Education, on behalf of the University of Nevada, Reno. (ECF No. 71 at 2.)

[2]Count III of the FAC alleges violation of the TVPRA, specifically "civil beneficiary liability" under 18 U.S.C. § 1589(b). (ECF No. 71 at 11-13.)

[3]Plaintiff filed an opposition (ECF No. 98) and UNR replied (ECF No. 99).

[4]There is no dispute that UNR is an "instrumentality" of the State of Nevada "within the meaning of the Eleventh Amendment." *See Johnson v. Univ. of Nevada,* 596 F. Supp. 175, 177-178 (D. Nev. 1984). Indeed, the FAC alleges that UNR "is a public university and an instrumentality of the State of Nevada." (ECF No. 71 at 3.)

*Bd. Of Regents for Univ. of Oklahoma,* 841 F.3d 1129, 1134 (10th Cir. 2016) (affirming dismissal of TVPRA claim against the University of Oklahoma as barred under the state's sovereign immunity); and *Travina v. Univ. of Texas,* No. A-21-CV-01040-RP, 2022 WL 1308828, at *3 (W.D. Tex. May 2, 2022) (report and recommendation finding Congress has not abrogated the state's Eleventh Amendment immunity as it relates to a TVPRA claim). In *Mojsilovic*, the Tenth Circuit Court of Appeals examined the criminal provisions of 18 U.S.C. § 1589 and the civil remedy provision of section 1595 and concluded that the TVPRA "signal[s] no intent to abrogate sovereign immunity." *Mojsilovic,* 841 F.3d at 1132. The Court agrees.

Plaintiff's arguments in response are generally unpersuasive. Plaintiff argues that cases that UNR cites are not binding precedent from the Ninth Circuit Court of Appeals or from the United States Supreme Court. (ECF No. 98 at 4-5.) But it is not unusual for district courts to resolve legal issues without binding authorities. Plaintiff insists the timing of the Motion is procedurally infirmed and offends "principles of fairness." (*Id.* at 7.) However, as Defendant points out in reply (ECF No. 99 at 3), jurisdictional arguments may be raised at any time. *See Richey v. Axon Enters., Inc.*, 437 F. Supp. 3d 835, 841 (D. Nev. 2020). Plaintiff also asks for leave to amend. (ECF No. 98 at 7-8.) The Court agrees with Defendant that amendment of the TVPRA claim cannot cure the legal issue here. (ECF No. 99 at 3.)  Finally, Plaintiff argues dismissal should not be based on the merits, should be without prejudice, and should not affect the other claims. (*Id.* at 6-10.) The Court agrees with this last point.[5] Dismissal of the TVPRA claim in count III for lack of subject-matter jurisdiction will be without prejudice because the Court does not reach the merits of the claim. *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) ("In general, dismissal for lack of subject matter jurisdiction is without prejudice.").

---

[5]Defendant asks for dismissal of count III with prejudice. (ECF No. 87 at 3.) As discussed, dismissal for lack of subject matter jurisdiction must be without prejudice.

For the reasons discussed herein, the Court grants Defendant's motion to dismiss (ECF No. 87). The Court dismisses only Count III of the FAC without prejudice for lack of subject-matter jurisdiction.

DATED THIS 9th Day of June 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3